UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTOPHER BILBREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01259-RLY-MJD |
| ) | |
| JOHN SPROLES in his official capacity as Sheriff ) | |
| of Henry County, Indiana, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO STAY**

This order is before the Court on Defendant's Motion to Stay. [Dkt. 19.] For the reasons set forth below, this motion is **DENIED**.

**I.      Background**

Kristopher Bilbrey ("Plaintiff") alleges that he was "blocked" from the official Facebook page of John M. Sproles, as Sheriff of Henry County, Indiana ("Defendant"), due exclusively to the viewpoints expressed by Plaintiff using the "comment" function on the page. Plaintiff alleges that the Facebook page was originally created for political purposes but has now become Defendant's official government page. Defendant contends that the Facebook page is a personal page and is not an official government page and, therefore, his blocking of the Plaintiff was not government action.

**II.      Discussion**

In the instant motion, Defendant argues that the proceedings in this case should be stayed pending resolution of two cases, both of which were argued before the Supreme Court on October 31, 2023. The first case is *Lindke v. Freed*, Case No. 22-611, 13 S. Ct. 1780, 215 L. Ed. 2d 669 (2023), and the second is *O'Connor-Radcliff v. Garnier*, Case No. 22-324, 143 S. C.

1779, 215 L. Ed. 2d 669 (2023). Both cases relate to the topic of whether Facebook pages operated by public officials should be treated as personal or governmental forums.

Plaintiff argues that this case should not be stayed because the case management plan does not require the filing of dispositive motions until after decisions are expected to be issued in those cases by the Supreme Court. The Court agrees with Plaintiff, as pursuant to the case management plan, Plaintiff's summary judgment motion is not due until June 7, 2024, and Defendant's cross-motion is not due until July 5, 2024. [Dkt. 23.] The Supreme Court decisions in both cases will likely be issued prior to or in June 2024, and if they are not, the parties may request an extension of the dispositive motions deadline at that time. There is no reason to stay proceedings until the Supreme Court makes a decision. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1954). This is not one of those rare circumstances.

### III.   Conclusion

For the reasons set forth above, Defendant's Motion to Stay, [Dkt. 19], is **DENIED**.

SO ORDERED.

Dated:  2 NOV 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.